UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

James Joseph Barnett,                          ) C/A No. 9:16-301-CMC-BM
                                               )
                         Plaintiff,            )
                                               )
vs.                                            ) **REPORT AND RECOMMENDATION**
                                               )
Tony Collins, *Warden, in His Official and*    )
*Individual Capacity,*                         )
                                               )
                         Defendant.            )
                                               )

        The Plaintiff, James Joseph Barnett, proceeding pro se and in forma pauperis, brings

this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the Broad River Correctional

Institution (BRCI), part of the South Carolina Department of Corrections (SCDC).

        Under established local procedure in this judicial district, a careful review has been

made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and

§ 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light

of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490

U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of

Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se

complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574

F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a

pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449

U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007)

(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).



However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 679-679 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

### Discussion

Plaintiff states that he is attempting to assert a claim for medical malpractice. Complaint, ECF No. 1 at 2. He alleges he submitted a sick call request concerning his loss of hearing (he claims he cannot hear anything being said) to BRCI medical staff, but they refused to provide treatment to restore his hearing loss. Plaintiff contends that his requests to be seen by a medical doctor and a specialist were denied. He addressed his loss of hearing with a nurse practitioner, a registered nurse, a licensed practical nurse, and the head nurse/nursing supervisor, but nothing has been done to correct his hearing. His request to the SCDC Director allegedly was also not answered. Id. at 3. Plaintiff asks that the Court order an examination by a medical specialist as soon as possible to restore his hearing. Id. at 4.

The Complaint is subject to summary dismissal because Plaintiff, prior to filing this lawsuit, failed to exhaust his administrative remedies as to the alleged actions. Before a prisoner can proceed with a lawsuit in federal court, he must first exhaust his administrative remedies as required by the Prison Litigation Reform Act, which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available



2

are exhausted." 42 U.S.C. § 1997e(a). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, exhaustion is required even when a prisoner seeks remedies, such as money damages, that are not available in the administrative proceedings. See Booth v. Churner, 532 U.S. 731, 740–41 (2001).

To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review, which means "'using all steps that the agency holds out, and doing so properly.'" Woodford v. Ngo, 548 U.S. 81 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). Thus, "it is the prison's requirements, and not the [Prison Litigation Reform Act], that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). Further, while a plaintiff's failure to exhaust administrative remedies is considered an affirmative defense, and not a jurisdictional infirmity; id. at 216; if the lack of exhaustion is apparent on the face of the prisoner's complaint, sua sponte dismissal prior to service of the complaint is appropriate. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). Here, a plain reading of the Complaint shows that Plaintiff did not properly exhaust his available administrative remedies prior to filing this action.

Although Plaintiff checked a box on the Complaint form stating that he received the final institutional answer or determination concerning the matters alleged, he also states that his grievances (filed on January 16 and 17, 2016) were denied the same day they were filed. ECF No. 1 at 2. Plaintiff also submitted (attached to his Complaint) copies of Step 1 grievances he allegedly submitted to the SCDC on January 16 and 17, 2016, but there is no indication the grievances were received by SCDC. Furthermore, assuming even in the light most favorable to Plaintiff that he



3

submitted the Step 1 grievances and received responses from the SCDC on January 16 and 17, 2016, Plaintiff still failed to exhaust all of his administrative remedies prior to filing this action, because it is only after completing both Steps 1 *and* 2 of the SCDC grievance policy that an inmate has properly exhausted his claims under § 1983. See Malik v. Ward, No. 8:08-1886-RBH-BHH, 2010 WL 1010023, at *6 (D.S.C. Feb. 4, 2010). Plaintiff has not even alleged that he filed a Step 2 grievance, nor has a copy of any such grievance been submitted.

Even if Plaintiff filed a Step 2 grievance after filing this action, he has still failed to properly allege exhaustion, as a prisoner cannot comply with the mandatory exhaustion requirements by exhausting his remedies during the course of litigation. Rather, exhaustion is a prerequisite to suit that must be completed prior to filing an action. See Anderson v. XYZ Correctional Health Servs., Inc., 407 F.3d at 677, see also Neal v. Goord, 267 F.3d 116, 123 (2nd Cir. 2001)[holding that "allowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court."], overruled on other grounds by Porter v. Nussle, 534 U.S. 516, 532 (2002); Jackson v. Dist. of Columbia, 254 F.3d 262, 268-69 (D.C.Cir. 2001)[rejecting the argument that § 1997e(a) "permits suit to be filed so long as administrative remedies are exhausted before trial"]; Freeman v. Francis, 196 F.3d 641, 645 (6th Cir.1999)[a prisoner may not exhaust administrative remedies during the pendency of the federal suit]; Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999)[An inmate incarcerated in a state prison must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983.]; Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999) ["[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district



court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment."].

Alternatively, this action should be dismissed pursuant to Rule 41 for Plaintiff's failure to comply with an order of this Court and for his failure to prosecute this action. When Plaintiff filed his action, it was noted that the pleadings did not disclose all of the necessary information for evaluation. Therefore, Plaintiff was given twenty-one days to submit fully completed, signed, and dated answers to the Court's special interrogatories concerning his exhaustion of his administrative remedies. Plaintiff was specifically admonished that if he failed to provide the items specified within the period prescribed in the Order, the case could be dismissed for failure to prosecute and failure to comply with an order of the Court under Rule 41 of the Federal Rules of Civil Procedure. However, notwithstanding the specific notice and instructions as set forth in the proper form order, Plaintiff failed to provide the Court with answers to the Court's special interrogatories, or contact the Court in any way, nor has the Defendant been served. Therefore, this action is also subject to dismissal, without prejudice, for the failure of Plaintiff to comply with this Court's order or to properly prosecute his claims. See Fed. R. Civ. P. 41(b); Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982); Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom., Ballard v. Volunteers of Am., 493 U.S. 1084 (1990) [Magistrate judge's prior explicit warning that a recommendation of dismissal would result from the plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when the plaintiff did not comply despite warning].

Finally, even if the Court were to find that the Complaint is not subject to summary dismissal for Plaintiff's failure to exhaust and/or failure to prosecute, it is additionally subject to



5

summary dismissal for various other reasons. Initially, as noted, Plaintiff states in his Complaint that he is asserting a claim for medical malpractice. <u>Complaint</u>, at p. 2. However, it is well settled that negligent or incorrect medical treatment (medical malpractice) is not actionable under 42 U.S.C. § 1983. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Daniels v. Williams</u>, 474 U.S. 327, 328-36 (1986); <u>Davidson v. Cannon</u>, 474 U.S. 344, 345-48 (1986); <u>Ruefly v. Landon</u>, 825 F.2d 792, 793-94 (4th Cir. 1987); <u>see</u> <u>Pink v. Lester</u>, 52 F.3d 73 (4th Cir. 1995) (applying <u>Daniels</u> and <u>Ruefly</u>: "The district court properly held that <u>Daniels</u> bars an action under § 1983 for negligent conduct[.]"). A medical malpractice claim "does not become a constitutional violation merely because the victim is a prisoner."); <u>Estelle</u>, at 106; <u>Grayson v. Peed</u>, 195 F.3d 692, 695-96 (4th Cir. 1999). Deliberate indifference to a prisoner's serious medical needs is actionable under § 1983 only if Plaintiff can prove that his inadequate medical care was more than merely negligent. Plaintiff does not even allege this.[1]

Even if Plaintiff had intended to assert a deliberate indifference constitutional claim, his Complaint, on its face, does not state a plausible, non-frivolous § 1983 claim. In order to proceed under § 1983, a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his constitutional rights; <u>Vinnedge v. Gibbs</u>, 550 F.2d 926, 928 (4th Cir. 1977); and when a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. <u>See</u> <u>Karafiat v. O'Mally</u>, 54 F. App'x 192, 195 (6th Cir. 2002); <u>Curtis v. Ozmint</u>, C/A No. 3:10-3053-CMC-JRM, 2011 WL 635302 at *4 n. 5 (D.S.C. Jan. 5, 2011), adopted by, 2011 WL 601259 (D.S.C. Feb. 11, 2011); <u>Whaley v. Hatcher</u>, No. 1:08CV 125-01-MU, 2008 WL 1806124,

---

[1]Plaintiff may, of course, pursue a claim for medical malpractice in state court, if he chooses to do so.



6

at *1 (W.D.N.C. Apr.18, 2008). Here, the Complaint fails to include sufficiently clear factual allegations against the only named Defendant of any personal responsibility or personal wrongdoing in connection with the alleged violation of any constitutionally protected right. Thus, Plaintiff's Complaint is in violation of the directive in Federal Rule of Civil Procedure 8(a) that pleadings shall contain "short and plain statement [s]" of the basis for the court's jurisdiction and of the basis for a plaintiff's claims against each defendant. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)[requiring, in order to avoid dismissal, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"].[2]

Plaintiff also cannot pursue a § 1983 claim against Defendant Collins for supervisory liability under the doctrine of respondeat superior. Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999). Although there is a limited exception to the prohibition against imposing liability on supervisory personnel in § 1983 cases under the doctrines of respondeat superior or vicarious liability, see Slakan v. Porter, 737 F.2d 368, 370–75 (4th Cir. 1984), that exception does not operate to save Plaintiff's Complaint from dismissal for failure to state a claim against the Defendant in this case, as the Slakan exception requires factual allegations showing a "pervasive and unreasonable risk of harm from some specified source ..." coupled with allegations showing that the supervisor's "corrective inaction amounts to deliberate indifference or 'tacit authorization of the offensive

---

[2]While Plaintiff did not allege any claims against Warden Collins in his Complaint, on the grievance forms attached to his Complaint he did write "Denied per Warden Collins['] Orders." ECF No. 1-1 at 2-3. However, even if Plaintiff has intended to allege a claim concerning the processing of his grievances, such a claim is not a constitutional violation. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994)[no constitutional right to participate in grievance proceedings]; see also Smith v. Ray, 36 F. App'x 99, *1 (4th Cir. 2002) ["[A]ccess to the grievance procedure is not a constitutionally protected right[.]"].



7

[practices].'" <u>Slakan</u>, 737 F.2d at 373; <u>see</u> <u>Shaw v. Stroud</u>, 13 F.3d 791 (4th Cir. 1994). As there are no factual allegations of any individual wrongdoing or potential supervisory liability on the part of the named Defendant, Plaintiff's Complaint fails to state a claim on which relief can be granted. <u>See</u> <u>Cochran v. Morris</u>, 73 F.3d 1310, 1316 (4th Cir. 1996)[statute allowing dismissal of <u>in forma pauperis</u> claims encompasses complaints that are either legally or factually baseless]; <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d at 399 [dismissal proper where there were no allegations against defendants].

<u>**Recommendation**</u>

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

April **12**, 2016
Charleston, South Carolina

Bristow Marchant
United States Magistrate Judge

8



## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

